Britt WILLIAMS, Plaintiff,

v.

Pittsfield Township Police Officer John BELKNAP, in his individual capacity, and Washtenaw County Deputy Paula Donnelly, in her individual capacity, Defendants.

No. CIV. 00–40183.

United States District Court, E.D. Michigan, Southern Division.

July 24, 2001.

Juliet M. Brodie, Bridget M. McCormack, Michigan Clinical Law Program, Ann Arbor, MI, for plaintiff.

James A. Fink, Cynthia L. Reach, Ian J. Reach, Reach, Ranney, Ann Arbor, MI, G. Gus Morris, Cox, Hodgman, Troy, MI, for defendants.

### OPINION AND ORDER

GADOLA, District Judge.

Before the Court are the motions for summary judgment of Defendant Belknap [docket entries 62 and 88] and Defendant Donnelly [docket entry 89], as well as Defendant Donnelly's motion to impose sanctions on Plaintiff's counsel, filed on July 17, 2001. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of these motions. For the reasons set forth below, the Court will deny each of these motions. The Court will also order attorney Cynthia L. Reach to show cause in writing as to why she is not in violation of Federal Rule of Civil Procedure 11(b).

### I BACKGROUND

Defendants are law enforcement officers who were present when a group of police officers arrested Plaintiff's paramour, Mr. Brian Bogan, on May 17, 1998. While police were arresting Mr. Bogan, Plaintiff arrived on the scene. For reasons that remain in dispute, police also took Plaintiff into custody. Although Plaintiff faced charges of resisting arrest and obstruction of an officer pursuant to M.C.L. 750.479, those charges have since been dismissed.

On April 4, 2001, Plaintiff filed her second amended complaint ("SAC"). In it, Plaintiff asserts that Defendants violated her right to be free of an unreasonable search and seizure pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. Specifically, Plaintiff alleges that each Defendant "threw Plaintiff to the ground," "used Plaintiff's hair to pull back her head," and then "sprayed Plaintiff's face and eyes excessively with pepper spray." (SAC at ¶ 10.) Plaintiff further alleges that these actions constituted excessive force. (SAC at ¶ 11.)

Each Defendant now moves for summary judgment, and Defendant Donnelly moves for the Court to impose sanctions on Plaintiff's counsel.

## II MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 1991 WL 49687, 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252,

106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

■ The crux of Plaintiff's case is that Defendants "threw Plaintiff to the ground," "sprayed Plaintiff's face and eyes excessively with pepper spray," and arrested Plaintiff, even though Plaintiff did not resist or interfere with the officers. Thus, Plaintiff contends, have Defendants violated the Fourth Amendment's prohibition of police officers' use of excessive force.[1]

■ To succeed on a claim of excessive force, a plaintiff must establish by a preponderance of the evidence that the officers' actions, considering the totality of the circumstances, were objectively unreasonable. *Graham v. Connor,* 490 U.S. 386, 394–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Relevant to this inquiry is "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Id.* One must assess these factors "from the perspective of the reasonable officer on the scene, rather than with the $^{20}$⁄₂₀ vision of hindsight." *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.; Kostrzewa v. City of Troy,* 247 F.3d 633, 638 (6th Cir.2001).

■ Regarding "the severity of the crime at issue," Plaintiff adduces evidence in the form of her deposition testimony to the effect that there was no crime at issue. That is, Plaintiff testified that she was peacefully standing on the steps to Mr. Bogan's apartment, and in no way interfering with police, when Defendants threw her to the ground and sprayed her eyes with an irritant. (Williams Dep. 121–25.) Plaintiff also provides her deposition testimony to the effect that she was not posing a risk to anyone, and that she was not resisting or evading arrest. (Williams Dep. 122–25.) According to her deposition testimony, despite Plaintiff's passivity before and during her physical contact with police, police nonetheless threw Plaintiff to the ground, sprayed an irritant in Plaintiff's eyes, and then arrested Plaintiff. (Williams Dep. 122:15–25.) Plaintiff also adduces evidence that implicates each specific Defendant in these acts.

Plaintiff puts forth evidence that Defendant Belknap threw her to the ground and held her down without justification. Specifically, Plaintiff points to Defendant Belknap's admission that he forced Plaintiff to the ground and pinned Plaintiff down. (Belknap Dep. 59–71.) That evidence, combined with Plaintiff's own deposition testimony, would allow a reasonable juror to conclude that Defendant Belknap threw Plaintiff to the ground and held her down without justification.

As to Defendant Donnelly, Plaintiff adduces evidence that she pinned Plaintiff down and sprayed an irritant in Plaintiff's eyes. For this proposition, Plaintiff relies most persuasively upon the deposition testimony of an eyewitness, Mr. John W. Mailey, Jr. Mr. Mailey testified to the effect that a "fat, short, stocky" female officer pinned Plaintiff to the ground and sprayed an irritant in Plaintiff's eyes. (Mailey Dep. at 78:1–7). Plaintiff also adduces Defendant Donnelly's deposition testimony to the effect that Defendant Donnelly is no more than "[f]ive, five and-a-half" feet tall, and weights roughly 150 pounds (Donnelly Dep. at 42:12) and the

---

**1.** Plaintiff also asserts that Defendants taunted her. A policeman's taunting, however, cannot violate the Fourth Amendment. *John-* *son v. City of Ecorse,* 137 F.Supp.2d 886, 892 (E.D.Mich.2001) (Gadola, J.).

testimony of Defendant Belknap that the only other female officer on site was tall and thin (Pl. Exh. 1 at 143). A reasonable juror could conclude from this evidence that Defendant Donnelly pinned Plaintiff and sprayed an irritant in Plaintiff's eyes.

Despite the evidence that Plaintiff has adduced, Defendants move for summary judgment. Both Defendants argue that the doctrine of qualified immunity insulates them from suit, and Defendant Donnelly argues that the Court should grant summary judgment in her favor because Plaintiff has adduced no evidence that would show that Defendant Donnelly (1) "had any involvement in [Plaintiff's arrest]" or (2) "used any more force than was necessary to effectuate [Plaintiff's arrest]."

## A. Qualified Immunity

■ When ruling upon a governmental actor's assertion of qualified immunity from suit, the Court must resolve two distinct, sequential questions. *Saucier v. Katz,* 531 U.S. 991, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). First, the Court must decide whether the facts, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. *Id.* In answering this inquiry, the Court might have to enunciate principles that would, prospectively, form the "basis for holding that a right is clearly established." *Id.*

■ A negative answer to this question would end the inquiry in favor of finding qualified immunity for the defendant; an affirmative answer would require the Court to address the second and final issue: whether the right was clearly established. *Id.* For a right to be clearly established, the determinative inquiry "is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Id.* (quot-

ing *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). If the Court were to decide that the right allegedly violated was not clearly established, the doctrine of qualified immunity would shield the defendant from suit. The Court's conclusion that the right was clearly established, conversely, would mean that qualified immunity is no obstacle to a continuation of the suit.

■ Because the purpose underlying qualified immunity is to "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment," the Court must rule on the defendant's assertion of qualified immunity early in the proceedings. *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ In this case, the evidence, taken in the light most favorable to Plaintiff, shows that Defendants' conduct violated a constitutional right. Plaintiff argues, and adduces evidence (discussed above) that would support the conclusion, that Defendants tackled, pinned to the ground, sprayed an irritant into the eyes of, and arrested, a woman who did nothing before or during the events in question to interfere with or resist police, or to otherwise violate the law. Considering this evidence in the light most favorable to Plaintiff, it is clear that Defendants' alleged conduct would have violated Plaintiff's constitutional right to be free of the application of this type of force when Plaintiff was not resisting police officers or otherwise breaking the law. In fact, it is clear that Defendants' alleged conduct would have violated rights that were clearly established on May 17, 1998. *See Tapp v. Banks,* No. 99–6563, 2001 WL 45103, at *5 (6th Cir. Jan.10, 2001) (concluding that it was clearly established as of April 20, 1997 that an officer may not repeatedly strike a compli-

ant suspect's legs); *Herring v. Lacy,* No. 95–3535, 1996 WL 109491, at *5 (6th Cir. Mar.11, 1996) (concluding that force used against a compliant suspect is excessive); *Bordas v. Washtenaw County,* 1 F.Supp.2d 680, 685 (E.D.Mich.1998) (Gadola, J.) (concluding that it could be a use of excessive force to throw a non-resisting suspect off of his front porch); *Gauglitz v. City of Dallas,* No. 3:95–CV–3123G, 1997 WL 786246, at *6 (N.D.Tex. Dec.15, 1997) (concluding that "the repeated use of pepper spray against a bound, prone, and compliant citizen could easily be considered excessive"). Accordingly, qualified immunity does not shield Defendants from suit.

**B. Defendant Donnelly's contention that there is no evidence showing that she (1) "had any involvement in [Plaintiff's arrest]" or (2) "used any more force than was necessary to effectuate [Plaintiff's arrest]."**

Defendant Donnelly argues that no competent evidence shows that she (1) "had any involvement in [Plaintiff's arrest]" or (2) "used any more force than was necessary to effectuate [Plaintiff's arrest]." For reasons discussed above, there is evidence from which a reasonable juror could conclude that Defendant Donnelly pinned Plaintiff to the ground and sprayed an irritant in Plaintiff's eyes despite Plaintiff's lack of resistance, thereby using excessive force.

 Defendant Donnelly disagrees, arguing that internal inconsistencies in Mr. Mailey's deposition and between his deposition and an affidavit he provided show not only that a reasonable juror could not conclude from the evidence that Defendant Donnelly was involved in Plaintiff's arrest, but that Plaintiff's counsel appear to have committed subornation of perjury. (Def. Donnelly's Br. at 10.)

Regarding the alleged inconsistencies within Mr. Mailey's deposition and between his testimony and affidavit, those alleged inconsistencies are best left to a jury making a credibility determination; the Court's examination of the deposition transcript leads it to the conclusion that the alleged discrepancies are not severe enough as to cast beyond doubt the issue of whether Defendant Donnelly was involved in Plaintiff's arrest. *See Szymanski v. Rite–Way Lawn Maintenance Co., Inc.,* 231 F.3d 360, 365–66 (7th Cir.2000).

The Court now turns to Defendant Donnelly's assertion that Plaintiff's counsel appear to have committed perjury. Specifically, attorney Cynthia L. Reach has represented to this Court that "[t]he Affidavit is not based on Mr. Mailey's handwritten statement and *appears to be subornation of perjury by Plaintiff's attorneys.*" (Def. Br. at 10 (emphasis added).) This averment deeply troubles the Court.

In Michigan, subornation of perjury is a felony punishable by up to five years' incarceration. M.C.L.A. 750.425. It follows that one should be reluctant to accuse a person of subornation of perjury without a reasonable foundation for that accusation. After carefully examining the submissions before the Court, however, the Court does not apprehend any sound reason to believe that Plaintiff's counsel have committed subornation of perjury.

In fact, it seems to the Court that this assertion lacks evidentiary support and would be unlikely to have evidentiary support after a reasonable opportunity for further investigation. In other words, attorney Cynthia L. Reach appears to have violated Federal Rule of Civil Procedure 11(b)(3) when she alleged that "[t]he Affidavit is not based on Mr. Mailey's handwritten statement and appears to be subornation of perjury by Plaintiff's at-

torneys." Accordingly, pursuant to Rule 11(c)(1)(B), the Court will order attorney Cynthia L. Reach to show cause in writing, in a submission filed no later than August 22, 2001, as to why she has not violated Rule 11(b)(3).

On a final note regarding Defendants' motions for summary judgment, the Court observes that defense counsel have compiled a detailed array of evidence in support of their motions. The Court will not discuss that evidence at length because, at this point, it suffices to conclude that Plaintiff supports each of the elements of her claim with competent evidence. Having decided that Plaintiff clears this hurdle, it is irrelevant for purposes of Defendants' motions for summary judgment that Defendants also have evidence from which a jury could find in their favor. In other words, evaluating the merits of competing evidence is the province of the jury, not the Court.

## III DEFENDANT DONNELLY'S MOTION FOR RULE 11 SANCTIONS

On July 17, 2001 Defendant Donnelly moved the Court to impose sanctions on Plaintiff's counsel. The essence of this motion is Defendant Donnelly's argument that Plaintiff's second amended complaint is frivolous as it pertains to Defendant Donnelly.

The Court will reject this motion because, for reasons discussed above, Plaintiff is entitled to reach a jury on her complaint against Defendant Donnelly. *A fortiori*, Plaintiff's complaint against Defendant Donnelly is not frivolous.

The Court does not understand what possessed defense counsel to file this motion.

## IV CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Belknap's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Donnelly's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Donnelly's motion to impose Rule 11 sanctions is **DENIED.**

**IT IS FURTHER ORDERED** that attorney Cynthia L. Reach shall show cause in writing, in a submission filed no later than August 22, 2001, as to why she has not violated Rule 11(b)(3).

**SO ORDERED.**