**Anthony J. DeGIDIO, Plaintiff,**

v.

**WEST GROUP CORPORATION, Defendant.**

**No. 3:99 CV 7510.**

United States District Court, N.D. Ohio, Western Division.

May 23, 2002.

Anthony J. DeGidio, Calamunci, Groth, Joelson & Walerius, Toledo, OH, for Plaintiff.

Robert L. Raskopf, Shannon M. Hudnall, White & Case, New York City, Richard M. Kerger, Kerger & Kerger, Toledo, OH, for Defendant.

*MEMORANDUM OPINION*

KATZ, District Judge.

Pending before this Court is Defendants' Renewed Motion for Summary Judgment as to Count VII (Doc. No. 75). Based upon careful consideration of Defendants' motion, Plaintiff's opposition, Defendants' reply, and the entire record herein, the Court will grant summary judgment to Defendants on Count VII.

### I. BACKGROUND

This matter arises from cross-motions for summary judgment, disposed of by this Court in its memorandum opinion and order dated March 18, 2002. As recounted more fully in that opinion,[1] Plaintiff is the registrant of the domain name "lawoffices.net" and alleged founder and owner of the corresponding website, which provides an attorney directory, legal infor-

mation relating to cyberlaw issues, a vanity email service, listings of domain names for sale, and a hosting service for legal related websites. Defendants utilize the designation *Law* office.com and the domain name "lawoffice.com" to market the West Legal Directory, an online resource providing legal information for businesses, professionals and general consumers. Plaintiff asserted trademark protection for the designation LawOffices.net, which is the moniker attached to the website lawoffices.net, but did not own either a federal or state trademark registration for the LawOffices.net designation.

Plaintiff complained that Defendants' use of the designation *Law* office.com in conjunction with the website lawoffice.com infringed upon Plaintiff's alleged rights in the designation LawOffices.net and the affiliated lawoffices.net website. Specifically, Plaintiff pled seven causes of action: (1) violations of the Ohio Deceptive Trade Practices Act, OHIO REV.CODE ANN. §§ 4165.01–4165.04 (Anderson 1998 & Supp.2000); (2) unauthorized use of a trademark pursuant to OHIO REV.CODE ANN. § 1329.65 (Anderson 1993 & Supp.2000); (3) common law unfair competition; (4) false designation of origin pursuant to 15 U.S.C. § 1125(a); (5) trademark dilution pursuant to 15 U.S.C. § 1125(c); (6) common law dilution; and (7) common law misappropriation.

This Court granted summary judgment to Defendants on Counts I and III–VI upon finding that Plaintiff's putative trademark was descriptive but devoid of secondary meaning and thus not entitled to trademark protection. Although Plaintiff purported to withdraw Count II in his cross-motion for summary judgment, the Court formally granted summary judg-

---

1. The Court provides only those background facts necessary for disposition of the instant motion. A full recitation of the background relating to this suit may be found in the Court's March 18, 2002 ruling. *See DeGidio v. West,* 191 F.Supp.2d 904, (N.D.Ohio 2002).

ment to Defendants on this claim because Plaintiff did not own a *registered* trademark, as required by OHIO REV.CODE ANN. § 1329.66. This Court denied summary judgment to Defendants on Count VII, the basis of the instant renewed motion for summary judgment.

In Count VII, Plaintiff alleges common law misappropriation of the "trade value of the lawoffices.net mark." Comp. ¶ 90 at 12. In their original motion, Defendants urged this Court to analyze Count VII as an unfair competition claim and dispose of it pursuant to the trademark analysis applicable to Plaintiff's other causes of action.[2] The Court declined to take this approach, reasoning that Plaintiff did not premise this claim upon the alleged infringement of his putative common law trademark, but instead asserted a claim for misappropriation of the "trade value" of the lawoffices.net designation and website. The Court disagreed with Defendants' assertion that this claim was subject to a trademark analysis, explaining that:

> In the instant action, the Court admittedly finds no Ohio case discussing the misappropriation of "trade value." However, Ohio courts have recognized a separate tort of misappropriation in other contexts, such as misappropriation of trade secrets and misappropriation of another's name or likeness. Notably, the allegations in Count VII closely resemble a common law cause of action recognized in other states and acknowledged in this Circuit, namely the misappropriation of advertising matter and business methods. Relying upon Supreme Court precedent and the common law of misappropriation as developed in numerous states, this Circuit has concluded that "there has been, and perhaps continues to be, a body of law

which gives meaning to the term 'misappropriation of advertising ideas or style of doing business.'" *Advance Watch v. Kemper National Ins. Co.,* 99 F.3d 795, 802 (6th Cir.1996). The court in *Advance Watch* further clarified that " '[m]isappropriation of advertising ideas or style of doing business' does not necessarily refer only to the common-law tort of misappropriation recognized 'by the Supreme Court in *International News Service v. Associated Press,* ... but we conclude, it does refer to the unauthorized taking or use of interests other than those which are eligible for protection under statutory or common-law trademark." *Id.; see also Circle Communications, Inc. v. Hinton,* No. A–746778, 1975 Ohio Misc. LEXIS 43, at *9, *17, 74 Ohio Op.2d 356 (June 2, 1945) (recognizing that the Supreme Court has distinguished misappropriation as a separate cause of action, which "adopts protectable 'quasi-property' values to such things as ideas, information, formulas, designs, and artistic creations").

*DeGidio v. West,* 191 F.Supp.2d at 918–19.

The Court denied Defendants' motion for summary judgment on Count VII because Defendants: (1) offered no grounds for summary judgment on this count other than their claims as to the status of Plaintiff's trademark; (2) provided no basis for the Court to determine that the Ohio Supreme Court would not recognize a cause of action for misappropriation of trade value; and (3) submitted no argument as to how Plaintiff could not meet the requisite elements of the alleged misappropriation claim, should the Ohio courts recognize such a claim.

In their renewed motion for summary judgment, Defendants argue that the Ohio

---

**2.** Plaintiff asserted that facts pertaining to this claim were disputed and thus summary judg-

ment was not appropriate on Count VII.

Supreme Court would not recognize an action for misappropriation of trade value. Alternatively, Defendants argue that Plaintiff has not stated such a claim because: (1) Plaintiff has not made a substantial investment in creating the trade value alleged appropriated such that the Court can characterize the trade value as a property right; (2) Defendants' actions are not properly characterized as "reaping where they have not sown;" and (3) Plaintiff has not pled or proven that he was injured by any alleged misappropriation.

In his opposition, Plaintiff asserts: (1) misappropriation is a federal common law cause of action; (2) the Ohio Supreme Court would recognize the asserted cause of action; and (3) Defendants engaged in "commercially immoral and unfair acts" giving rise to disputed facts that defeat Defendants' motion for summary judgment.

In their reply, Defendants counter that no federal common law cause of action exists for misappropriation and further explicate their arguments for summary judgment on an Ohio state law misappropriation claim.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323–25, 106 S.Ct. 2548. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*quoting* FED.R.CIV.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also Harris v. GMC*, 201 F.3d 800, 802 (6th Cir.2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987)). However, " 'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the

matter,' " *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir.1994) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505); therefore, "[t]he Court is not required or permitted ... to judge the evidence or make findings of fact." *Williams*, 154 F.Supp.2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir.2000).

### B. Count VII—Common Law Misappropriation

As a preliminary matter, the Court notes that Plaintiff engages in a misguided and transparent attempt to resurrect matters already ruled on by this Court. Without addressing each of Plaintiff's extraneous arguments, the Court notes that these matters have been considered and disposed of by the Court; it will not now reconsider Plaintiff's bootstrapped arguments as to discovery disputes, secondary meaning, and unfair competition claims.

With respect to the matter properly before this Court, Plaintiff's common law misappropriation claim, Plaintiff advances arguments in support of both a federal and state law cause of action. The Court addresses each in turn.

### 1. Federal common law does not support Plaintiff's claim

■ In support of the proposition that Count VII survives as a federal common law cause of action, Plaintiff cites to *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

In that case, the Supreme Court stated that "[p]rinciples formulated by federal judicial law have been thought by this Court to be necessary to protect uniquely federal interests." *Banco Nacional*, 376 U.S. at 426, 84 S.Ct. 923.

Plaintiff asserts that trademarks are "uniquely federal interests," and that his misappropriation claim thus is a viable federal common law cause of action. However, Plaintiff apparently fails to recognize that this Court has granted summary judgment on Plaintiff's trademark claims. This Court's denial of summary judgment to Defendants on Count VII was predicated upon the Court's belief that Count VII was not merely a reassertion of Plaintiff's trademark claims but was instead a distinct action arising not from trademark, but rather "trade value." If, as Plaintiff seemingly asserts, Count VII is predicted upon a misappropriation of Plaintiff's trademark, then this cause of action must fail and Defendants are entitled to summary judgment, chiefly because this Court has already determined that Plaintiff has no cognizable state or federal trademark rights in the designation lawoffices.net.

In addition, to the extent that Plaintiff seeks to establish that there is a federal common law cause of action for misappropriation in general, or for misappropriation of trade value specifically, Plaintiff does not persuade this Court that any such action exists.

### 2. Ohio misappropriation claim

■ Plaintiff alternatively asserts that even if his claim is not cognizable under federal common law, Ohio would nonetheless recognize the alleged misappropriation claim. Plaintiff advances several arguments in support of his position, none of which this Court finds persuasive.

Plaintiff cites to several cases in which "courts have used evidentiary presump-

tions to supply missing secondary meaning to a descriptive mark where there was simply evidence that the defendant copied it intentionally." Pl.'s Opp. at 10. This discussion rapidly degenerates into a reassertion of Plaintiff's trademark and unfair competition claims and as noted above, is not properly before this Court.

Plaintiff also mistakenly relies on *B.F. Goodrich Co. v. Wohlgemuth,* 117 Ohio App. 493, 192 N.E.2d 99 (1963), as well as the due process clause of the Ohio Constitution, to support the proposition that he has stated a viable claim. *Goodrich* dealt with misappropriation of trade secrets. However, Plaintiff in the instant action did not plead a cause of action pursuant to the Ohio Uniform Trade Secrets Act, and fails to explain the relevance of *Goodrich* to the alleged misappropriation of trade value. Even if this Court were to apply Ohio's formulation of trade secret misappropriation to alleged misappropriation of trade value in the instant action, Plaintiff does not demonstrate that he can meet the elements of this test. Similarly, Plaintiff fails to demonstrate how the Ohio Constitution sheds any light on whether the Ohio Supreme Court would recognize a claim for the misappropriation of trade value.

Lastly, Plaintiff raises the question of whether Defendants acted in a commercially immoral manner. In support of this alleged issue of fact, Plaintiff maintains Defendants: (1) knew of Plaintiff's website; (2) failed to perform an adequate trademark search, or in the alternative, hid evidence related to a trademark search; and (3) unfairly applied for a trademark for the designation *Law* office.com, while maintaining that Plaintiff's LawOffices.net was not entitled to trademark protection. However, Plaintiff fails to explain how these issues are relevant to one or more elements of a misappropriation claim. While Plaintiff asserts that the above acts constitute "evidence of commer-

cially immoral and unfair acts which fall into the category for which misappropriation was created for," Pl.'s Opp. at 13, it seems that Plaintiff's arguments are in actuality aimed at resurrecting his unfair competition claim, a claim on which this Court has already ruled.

Defendants have suggested a three-part test gleaned from Professor McCarthy's treatise, in which Plaintiff would have to establish:

> (1) he has made a substantial investment of time, effort and money into creating the "trade value" misappropriated such that the Court can characterize that "trade value" as a kind of property right; (2) West has appropriated the "trade value" at little or no cost, such that the Court can characterize West's action a "reaping where it has not sown," (3) West has injured DeGidio by the misappropriation.

Defs.' Mem. at 15 (citing 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 10:51 (4th ed.1996)). Defendants dispute Plaintiff's ability to meet any of the elements of this test.

Notably, Plaintiff does not take issue with Defendants' proposed formulation. However, Plaintiff makes no effort to define what precisely constitutes "trade value" and fails to demonstrate that he can meet the elements of the test proposed by Defendants or of any other formulation of any misappropriation tort. Plaintiff does "dispute[ ] the allegation that he did not expend considerable time and effort," arguably going to prong one of Defendants' proposed test, but maintains that "these terms are irrelevant." Pl.'s Opp. at 4. In addition, although not raised by Plaintiff in his opposition, the Complaint asserts that "Internet users may not recall the precise spelling of Plaintiff's site after becoming familiar with it, and may end up at the Defendant's site, thus benefitting them

from the Plaintiff's efforts." Compl. ¶ 91 at 12. Broadly construing this assertion as an alleged injury, the Court notes that Plaintiff fails to direct the Court to any place in the record that supports even an inference of injury suffered by Plaintiff as a result of Defendants' alleged wrongful action.[3]

Plaintiff instead engages in a discussion of cases that have elevated non-trademarks to trademark status for a variety of reasons. As noted above, the Court has already ruled on the validity of Plaintiff's designation and will not reconsider that ruling in the context of this motion. In addition, Plaintiff inexplicably appears to adopt Defendants' position from the prior motion for summary judgment, a position previously rejected by this Court, and maintains that "[t]he misappropriation cause of action is really an unfair competition cause of action with a missing element supplied where equity demands it based upon some unfair practice by the defendant." Pl.'s Opp. at 11. While there is certainly an inherent unfairness to acts of misappropriation, courts have developed separate causes of action for unfair competition and misappropriation with different elements to be satisfied under the respective tests. If Plaintiff's Count VII is, as Plaintiff maintains, an unfair competition claim, then Defendants are entitled to summary judgement. Plaintiff pled a common law unfair competition claim in Count III of his Complaint and this Court ruled on that claim.[4]

As Plaintiff fails to direct the Court to any evidence indicating that he can support a claim for *misappropriation,* as opposed to a trademark or unfair competition claim, the Court will grant summary judgment to Defendants.

### III. CONCLUSION

For the foregoing reasons, Defendants' Renewed Motion for Summary Judgment (Doc. No. 75) will be granted. All other claims having been disposed of, the case will be closed.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the memorandum opinion filed contemporaneously with this judgment entry, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that summary judgment is granted to all Defendants on Count VII (Doc. No. 75). All other matters having been disposed of pursuant to this Court's Memorandum Opinion (Doc. No. 70) and Judgment Entry (Doc. No. 71) dated March 18, 2002, this case is closed.

---

**3.** In addition, the Court notes that such an allegation seems more appropriately suited to a domain name dispute, not alleged in the instant action, as opposed to misappropriation of "trade value." Moreover, it seems farfetched that the tort of misappropriation would impose liability upon Defendants for a consumer's typographical errors, inability to spell, or memory lapse, particularly in an era of wide use of "bookmarking" used to reach web pages without having to retype a website's address.

**4.** Plaintiff's recitation of case law from other jurisdictions regarding other state's treatment of unfair competition claims is not binding on this Court regarding the disposition of an Ohio cause of action for unfair competition or misappropriation.