Gary K. GUNTHORPE, Plaintiff,

v.

DAIMLERCHRYSLER
CORPORATION, et
al., Defendants.

No. 3:00 CV 7675.

United States District Court,
N.D. Ohio,
Western Division.

June 13, 2002.

ful consideration of the parties' motion, oppositions, replies, and the entire record herein, the Court will grant Defendants' motion for summary judgment, deny Plaintiff's motion for summary judgment, and deny Defendants' motion to strike.

## I. BACKGROUND

Plaintiff Gary K. Gunthorpe began employment at Dayton Thermal Products, a division of Defendant DaimlerChrysler Corporation ("DaimlerChrysler"), as a tool engineer in April 1995 and continued work in that capacity until 1998. In May 1998, Plaintiff applied for a maintenance area supervisor position at the Toledo assembly plant. Plaintiff asserts that he informed his interviewers that he did not want to be considered for the position unless he could be a maintenance area supervisor at the new plant under construction ("Stickney Avenue plant"). Plaintiff was offered a position at the existing Toledo plant and commenced work there in September 1998.

In his 1998 performance evaluation, conducted by Defendant Carl Kraft in January 1999, Plaintiff received a "Development Needed" rating in 11 out of 13 categories and received an overall score of 1.9, with the corporate-wide median rating as 3.1. In October 1999, Plaintiff was transferred to the production department in Toledo under product manager Steve Czerniak. Prior to transfer, Plaintiff received an interim review that concluded Plaintiff's performance as a maintenance area supervisor had not improved since his last evaluation. Beginning January 2000, Plaintiff received a series of unsatisfactory reviews and was terminated in April 2000.

Plaintiff disputes numerous facets of his reviews. Plaintiff also maintains that Mr.

Rahn M. Huffstutler, Huffstutler & Associates, David R. Pheils, Pheils & Wisniewski, Perrysburg, OH, for Plaintiff.

John T. Landwehr, Eastman & Smith Ltd., Katharine T. Talbott, Eastman & Smith, Toledo, OH, for Defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before this Court are Defendants' Motion for Summary Judgment (Doc. No. 29), Plaintiff's Motion for Summary Judgment (Doc. No. 36),[1] and Defendants' Motion to Strike or for Leave to Respond (Doc. No. 37). Based upon care-

---

1. Plaintiff has filed a document captioned as an opposition to Defendant's motion to strike. However, the document is subtitled as a motion for summary judgment and requests "summary judgment as to liability against defendant DaimlerChrysler Corporation."

Czerniak informed him that he was transferred so that Czerniak could fire him. Plaintiff further asserts that he was guaranteed a position at the new Stickney Avenue plant, as well as a tenure of employment of at least 12–15 years, and that he relied on these promises in making his decision to move from Dayton to Toledo.

Plaintiff filed suit in the Court of Common Pleas of Lucas County Ohio in October 2000, alleging age discrimination, promissory estoppel, fraud, and tortious interference. Defendants subsequently removed the action to this Court and have moved for summary judgment on all claims.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323–25, 106 S.Ct. 2548. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct.

2505, 2511, 91 L.Ed.2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also Harris v. GMC*, 201 F.3d 800, 802 (6th Cir.2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir.1994) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505); therefore, "[t]he Court is not required or permitted ... to judge the evidence or make findings of fact." *Williams*, 154 F.Supp.2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130

F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505; *see also Atchley v. RK Co.,* 224 F.3d 537, 539 (6th Cir.2000).

## B. Count I—Age Discrimination

### 1. Framework of analysis

In Count I, Plaintiff alleges that he was dismissed from his employment due to his age. Although Plaintiff does not specify in his complaint whether this claim is brought pursuant to federal or state law, or both, Defendant categorizes Count I as alleging an Age Discrimination in Employment Act ("ADEA") claim, a characterization not disputed by Plaintiff. The ADEA, 29 U.S.C. §§ 621–634 provides in relevant part:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1). In this Circuit, ADEA claims generally are analyzed pursuant to the framework applied to claims alleged under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

To prevail in an employment discrimination claim under the Title VII framework, a plaintiff must either provide direct evidence of discrimination or establish a prima facie case of discrimination pursuant to the burden-shifting paradigm of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 810 (6th Cir.1999) (stating "[i]n the absence of direct evidence of disability discrimination, a plain-

tiff may seek to establish a prima facie case of discrimination"); *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir.1996). In the instant action, Plaintiff presents no direct evidence of discrimination, and Defendants deny any discriminatory conduct with respect to the terms and conditions of Mr. Gunthorpe's employment. Accordingly, the analysis proceeds pursuant to the *McDonnell Douglas* paradigm.

To establish a prima facie case of discrimination, a plaintiff generally must show, by a preponderance of the evidence: (1) membership in the protected class; (2) an adverse employment action; (3) that he was qualified for the position; and (4) that he "was replaced by someone outside the protected class or was treated differently from similarly situated members of the unprotected class." *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 728–29 (6th Cir.1999). However, the precise elements that a plaintiff must demonstrate to establish his prima facie case of discrimination will vary depending on the nature of the claim.

If a plaintiff succeeds in making out a prima facie case of discrimination, then the defendant must produce a legitimate, nondiscriminatory reason for its action. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (iterating the Court's "allocation of the burden of production and an order for the presentation of proof in Title VII" discrimination cases). While a "defendant need not persuade the court that it was actually motivated by the proffered reasons," *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), it must nonetheless "clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Id.* at 255, 101 S.Ct. 1089.

If the defendant meets this burden of production, then the plaintiff must persuade the court that the proffered reason for the employment action is pretext. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir.2000). Once the burden has shifted, the plaintiff is given "a full and fair opportunity to demonstrate pretext." *Burdine*, 450 U.S. at 256, 101 S.Ct. 1089; *see also St. Mary's*, 509 U.S. at 507–08, 113 S.Ct. 2742. A plaintiff may demonstrate that the defendant's proffered explanation is pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. 1089. Three ways in which a plaintiff can establish that defendant's reasons are not credible are: (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the employment decision, or (3) if they were factors, by showing that they were jointly insufficient to motivate the employment decision. *Burns v. City of Columbus, Dep't of Pub. Safety, Div. of Police*, 91 F.3d 836, 844 (6th Cir.1996); *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 848 (6th Cir. 1995); *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 266 (6th Cir.1986). A court "may not, however, focus on the soundness of an employer's business judgment." *Chappell*, 803 F.2d at 266.

### 2. Prima facie case

To prevail on his ADEA claim, Plaintiff must demonstrate:

(1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected.

*Burzynski v. Cohen*, 264 F.3d 611, 621 (6th Cir.2001). Defendants contest Plaintiff's ability to meet prongs three and four of the above-cited test. Plaintiff's claim ultimately fails because he cannot demonstrate that he was replaced by a younger employee, within the meaning of *McDonnell Douglas*.

■ Plaintiff complains that a younger employee, Ms. Nowak, assumed his duties after he was fired.[2] However, this Circuit has determined that "[t]he fact that other younger employees assumed his duties is not sufficient to constitute replacement." *Cox v. Science Applications Int'l Corp.*, 2000 WL 977309 at *4, 225 F.3d 658 (6th Cir.2000); *see also Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir.2001); *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir.1992) (" '[s]preading the former duties of a terminated employee among the remaining employees does not constitute replacement' "). While Ms. Nowak admittedly is younger than Plaintiff, the record is devoid of any evidence indicating that Plaintiff's termination permitted the promotion or retention of Ms. Nowak. After reviewing all the evidence and inferences therefrom in the light most favorable to Mr. Gunthorpe, the Court determines that a reasonable person could not have concluded that age was a determining factor in DaimlerChrysler's decision. Therefore, the Court will grant summary judgment to Defendants on Count I.

### C. Count II—Promissory Estoppel

In count II, Plaintiff asserts:

Chrysler induced Plaintiff to take a position in the Toledo Assembly Plant main-

---

2. Prior to Plaintiff's termination, he and Ms. Nowak held the same position. When Plaintiff was fired, Ms. Nowak was moved from the second to first shift to assume Plaintiff's responsibilities.

tenance department on August 15, 1998 by promising him he would be employed until retirement in an engineering maintenance supervisory position in the new plant. Based upon such representations of Chrysler, Plaintiff left his family and relocated to Toledo, Ohio for the new position.

Compl ¶¶ 21, 22. Based upon these assertions, Plaintiff argues that Defendants are estopped from invoking Plaintiff's at-will employment status as a defense to the decision to fire him.

■ Ohio has adopted the doctrine of promissory estoppel as set forth in the Restatement of the Law 2d, Contracts (1981), Section 90, *see Ed Schory & Sons v. Francis,* 75 Ohio St.3d 433, 439, 662 N.E.2d 1074 (1996), which states: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Thus, in order for Gunthorpe's claim to succeed, the threshold element of a promise must be met. *See McCroskey v. State,* 8 Ohio St.3d 29, 30, 456 N.E.2d 1204, 1205 (1983).

With respect to the promise of a position as area maintenance supervisor, Plaintiff received this position and commenced work as an area maintenance supervisor in September 1998. The Court does not construe Plaintiff's transfer from the position and ultimate termination as grounds for invoking promissory estoppel.

With respect to the promise to be placed at the new plant, Plaintiff offers nothing other than his self-serving allegations in support of his claim. Plaintiff does not direct the Court to any evidence, such as affidavits or deposition testimony other than his own, to substantiate that the alleged promise was made.

■ Regarding the promise of employment for at least twelve to fifteen more years, *i.e.,* until retirement, Plaintiff's evidence comes in the form of notations made on two of the interview forms completed during Plaintiff's interview for the Toledo plant position. On one form, the interviewer notes "Has good plans to continue 12–15 yrs." Gunthorpe Depo. Ex. D–265. On the other form, the interviewer notes "He expects to work for at least 15 more years." *Id.* Ex. D–266. Plaintiff's self-proclaimed employment expectations, as recorded by an interviewer, do not constitute a promise from DaimlerChrysler to Plaintiff. Moreover, Plaintiff admits in his deposition that he was never expressly told that he would be retained until retirement.

Based upon the foregoing, the Court will grant summary judgment to Defendants on Count II.

**D. Count III—Fraud**

■ In Count III, Plaintiff alleges "Chrysler never intended to retain Plaintiff in the promised engineering maintenance supervisory position." Compl. ¶ 28. Plaintiff's theory appears to be that he was given the job in Toledo, and then transferred out of a maintenance supervisory position so that he ultimately could be fired.

■ To establish a cause of action for fraud, Gunthorpe must demonstrate:

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting

injury proximately caused by the reliance.

*Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (1998) (quotation omitted).

In his opposition, Plaintiff asserts that the "scheme to fabricate an excuse for terminating [Plaintiff] by phony 'evaluations' ... is evidence upon which a jury could find that [Defendant] never had any intention of fulfilling its promises to Gary." Pl.'s Opp. at 15. While it is difficult to determine precisely what promises Plaintiff alleges were made by whom in support of this count, Plaintiff's fraud claim fails for essentially the same reason as the promissory estoppel claim to the extent that this claim is predicated upon the promises alleged in Count II.

Plaintiff's opposition also concludes that "a jury could conclude that [Plaintiff's] promised replacement of Darryl Werdehoff was a fabrication as Darryl Werdehoff was never replaced." However, Plaintiff fails to explain how this assertion is relevant to his fraud claim. Moreover, the Court notes that the Complaint and the attachments thereto are devoid of any reference to a promise to specifically replace Mr. Werdehoff. Accordingly, the Court will grant summary judgment to Defendants on Count III.

### E.  Count IV—Tortious Interference

█ Count IV alleges that "Carl Kraft maliciously interfered in Plaintiff's contract with Chrysler to Plaintiff's detriment." Compl. ¶ 38 at 6. Kraft is an employee and supervisor at the Toledo plant.

█ In Ohio, the elements of tortious interference with a business relationship are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden,*

85 Ohio St.3d 171, 176, 707 N.E.2d 853, 858 (1999).

█ "Tortious interference with a business contract occurs when one party to a contract is induced to breach the contract by the malicious acts of a third person *who is not a party to the contract.*" *Condon v. Body, Vickers & Daniels,* 99 Ohio App.3d 12, 22, 649 N.E.2d 1259, 1265 (1994). An employee of a party to the contract or expectancy at issue generally is not regarded as a third party. *Id.* To maintain a tortious interference claim against an employee of a party to the relationship at issue, a plaintiff must demonstrate that the employee acted solely in his or her individual capacity and benefitted from the alleged interference. *See Miller v. Wikel Mfg. Co.,* 46 Ohio St.3d 76, 78–79, 545 N.E.2d 76 (1989).

Plaintiff alleges that Kraft was acting outside the scope of his employment because Kraft technically was not Plaintiff's supervisor when the poor performance reviews were conducted. However, even if this were true, there is no evidence in the record that Kraft personally benefitted from the actions alleged. Therefore, the Court will grant summary judgment to Defendants on Count IV.

### F.  Plaintiff's Opposition / Motion for Summary Judgment

Plaintiff has filed a document captioned as an opposition to Defendant's motion to strike. However, the document also is titled as a motion for summary judgment and requests "summary judgment as to liability against defendant DaimlerChrysler Corporation." To the extent that the document is properly regarded as a motion for summary judgment, the motion will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. No. 29) will be granted. Defendants' Motion to Strike (Doc. No. 37) will be denied as moot. Plaintiff's Motion for Summary Judgment (Doc. No. 36) will be denied.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendants' Motion for Summary Judgment (Doc. No. 29) is granted.

FURTHER ORDERED that Defendants' Motion to Strike (Doc. No. 37) is denied as moot.

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 36) is denied.