have discussed them above, are sufficiently unassailable[2] to take the issue of credibility from the jury.

## IV.  CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is **REVERSED**, and the case is **REMANDED** to the district court for trial.

---

[2]In this regard, we also note that although the trial court considered the affidavits of both Everest and Lighthall, it did not undertake a *Daubert* inquiry as to either proposed expert.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Company v. Carmichael*, ___ U.S. ___, 119 S. Ct. 1167 (1999).  While this omission may be explained, in part, by the fact that Harris did not raise the *Daubert* issue before the district court, we note that on remand, the district court must, consistent with its gatekeeping role, perform a *Daubert* analysis of the proposed testimony of the defense experts, particularly Everest. Certainly, nothing in the record as it now exists evinces either the reliability or validity of Everest's testimony as to the DERM.  Our own research did not reveal a single reported case addressing the *Daubert* issue as to General Motors' automotive "black box."

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0039P (6th Cir.)
File Name:  00a0039p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RUBY HARRIS,
    *Plaintiff-Appellant,*

*v.*                                     No. 99-3092

GENERAL MOTORS
CORPORATION,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 97-07171—James G. Carr, District Judge.

Argued:  December 15, 1999

Decided and Filed:  January 31, 2000

Before:  RYAN and NORRIS, Circuit Judges; FEIKENS,
District Judge.

---

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** Edward A. Van Gunten, EDWARD VAN GUNTEN & COMPANY, Toledo, Ohio, for Appellant. Francis J. Grey, Jr., LAVIN, COLEMAN, O'NEIL, RICCI, FINANELLI & GRAY, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Edward A. Van Gunten, EDWARD VAN GUNTEN & COMPANY, Toledo, Ohio, for Appellant. Francis J. Grey, Jr., LAVIN, COLEMAN, O'NEIL, RICCI, FINANELLI & GRAY, Philadelphia, Pennsylvania, Ray A. Farris, FULLER & HENRY, Toledo, Ohio, for Appellee.

---

## OPINION

---

FEIKENS, District Judge.

## I. INTRODUCTION

This is an appeal from a decision granting summary judgment to defendant General Motors Corporation ("General Motors"). Ruby Harris ("Harris") appeals the grant, and for the reasons that follow, we reverse the district court's grant and remand the case for trial.

## II.  BACKGROUND

On June 10, 1996, 76 year-old Harris was driving her 1991 Chevrolet Corsica in Toledo, Ohio. Harris attempted to turn left into a parking lot, accidentally turning into the path of an on-coming vehicle. A nearly head-on but relatively low-speed collision resulted. Harris, who was wearing her seatbelt, was uninjured in the initial crash. She testified in her deposition that immediately after the crash, when she reached with her right hand to turn off the ignition, the airbag in the Corsica deployed, hitting her in the face, wrapping itself around her right arm and breaking that arm. Harris' sole

go so far. The affidavit concludes merely that the DERM data *suggests* that the airbag deployed properly; it does not establish beyond factual dispute that the airbag could not have deployed belatedly in the manner described by Harris.

In short, neither of General Motors' expert affidavits establishes the "undisputed physical facts" necessary to justify rejection of Harris' testimony in the context of General Motors' motion. The district court's application of the "physical facts rule" in this case was error.

We note one other difficulty with application of the physical facts rule in this case. As this court noted in *Powers v. Bayliner Marine Corp.*, 83 F.3d 789 (6th Cir. 1996):

> "There are many circumstances in which testimony need not be accepted even though formally uncontradicted," *Sheppard v. Maxwell*, 346 F.2d 707, 726 (6th Cir.1965), *rev'd on other grounds*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). "[T]he jury is instructed that it is completely free to accept or reject an expert's testimony, and to evaluate the weight given such testimony in light of the reasons the expert supplies for his opinion." *United States v. 0.161 Acres of Land in Birmingham, Ala.,* 837 F.2d 1036, 1040-41 (11th Cir.1988).

*Id*. at 797-98. We have no doubt that, in some cases, a proffered expert's testimony as to physical facts will be sufficiently unassailable so as to justify a grant of summary judgment notwithstanding contrary evidence submitted by a non-movant. However, such circumstances must be viewed with due regard to the general rule that in consideration of a motion for summary judgment, the evidence is considered in the light most favorable to the non-movant. In this case, we cannot conclude that defendant's experts' affidavits, as we

Harris' right arm would have been in front of and across her body as she made the left turn just prior to the accident. From this, he concludes that Harris' arm was broken when the airbag properly deployed, striking her arm, during the accident.

Based on the content of this affidavit, General Motors argued that it would have been physically impossible for Harris' right forearm to have been broken in the manner in which she alleged, and it is apparent from the district court's opinion that the judge was persuaded, at least in part, by that representation. As counsel for General Motors concedes on appeal, however, Lighthall's affidavit does not state that Harris' injury could not have happened as she alleged. Rather, the affidavit merely presents defendant's alternative theory of the case. Such an affidavit does not establish "undisputed physical facts" or demonstrate the lack of a triable issue of fact. To the contrary, Lighthall's affidavit posits the very factual dispute that gives rise to a jury question in this case.

The second affidavit submitted by General Motors is that of Brian Everest. Everest, an engineer employed by General Motors, stated in his affidavit that he had downloaded data from a device onboard Harris' Corsica known as a "Diagnostic Energy Reserve Module" or DERM. Everest likened the DERM to an airplane's "black box." He described the functions of the DERM, noting that the DERM monitors the airbag system for malfunctions and that the DERM "warns the operator by controlling the 'air bag' warning light on the instrument panel." He then concluded, "The DERM data from the Corsica *suggests* the supplemental restraint system (SIR) functioned as designed by deploying during the plaintiff's accident. . . ." (Emphasis added.)

General Motors argued, and the district court found, that Everest's affidavit established the undisputable fact that the airbag "deployed properly during impact, that is, the moment when plaintiff was executing her left turn." (District Court Opinion, p. 4.) Clearly, however, Everest's affidavit does not

passenger, Michele Packer ("Packer"), confirmed that the airbag did not deploy until after the accident. Based on these facts, Harris filed suit, contending that the airbag had been defective in deploying after the accident and had caused her injuries.

After discovery, General Motors moved for summary judgment. In support of that motion, General Motors submitted the affidavits of two proposed experts. In response, plaintiff submitted her deposition testimony and that of her passenger, maintaining that the airbag had not deployed until after the accident. The district court granted General Motors' motion, accepting the testimony of defendant's expert witnesses and expressly rejecting plaintiff's testimony.

## III. DISCUSSION

We review the district court's grant of summary judgment *de novo*, applying the same standard as did the district court. *See Aparicio v. Norfolk & Western Railway Co.*, 84 F.3d 803, 806 (6th Cir. 1996). Courts properly grant summary judgment where the moving party establishes through pleadings, depositions, answers to interrogatories, admissions, and affidavits that "there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." *Mauro v. Borgess Medical Center*, 137 F.3d 398, 401 (6th Cir. 1998) (quoting Fed. R. Civ. P. 56(c)). Under Rule 56(c), defendant bears an initial burden of demonstrating that an essential element of the non-moving party's case is lacking. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met this burden, the nonmoving party must show the court that there is in fact a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The nonmoving party must identify specific facts, supported by evidence, and may not rely on mere allegations contained in the pleadings. *Lujan v. Defenders of* Wildlife, 504 U.S. 555, 561 (1992); *Liberty Lobby*, 477 U.S. at 248. In deciding a motion for summary

judgment, the court must view the factual evidence in the light most favorable to the nonmoving party. *Mount Elliott Cemetery Ass'n v. City of Troy*, 171 F.3d 398, 402-03 (6th Cir. 1999) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)).

In this case, the parties presented two conflicting versions of events. Harris submitted evidence which, if believed, may support her theory of liability; General Motors submitted contrary evidence which, if admitted and believed, may negate a finding of liability. Viewing all factual evidence in the light most favorable to Harris, General Motors was not entitled to summary judgment.

The district court ruled otherwise, relying on the "physical facts rule" as explained by the Ohio Supreme Court in *McDonald v. Ford Motor Co.*, 42 Ohio St. 2d 8 (1975):

> Ordinarily, where testimony conflicts, the credibility of witnesses is a matter for the jury. However, in certain instances testimony cannot be considered credible. Where a witness testifies that he looked and listened at a railroad crossing, but neither saw nor heard a train approaching, and the only reasonable conclusion upon the evidence is that there is no doubt that had he looked he must have seen the train, the witness's testimony cannot be considered credible. *Detroit, Toledo & Ironton Rd. Co. v. Rohrs* 114 Ohio St. 493 (1926); *See, also, Zuments v. B. & O. Rd. Co.* 27 Ohio St.2d 71 (1972).
>
> The 'railroad crossing' cases are a single example of the broad range of cases in which courts have recognized that eye-witnesses' testimony, essential though it may be, is fundamentally 'soft' evidence, subject to human failings of perception, memory and rectitude. In law, as in other spheres of human affairs, simple facts may be far more persuasive than the most learned authorities. As in Dean Prosser's homely example, 'there is still no man who would not accept dog tracks in the mud against the sworn testimony of a hundred eye-witnesses that no dog has passed by.' Prosser on Torts (4 Ed.), 212.

> The name generally given to this concept is the 'physical facts rule.' The rule has been variously stated: E. G., 'the testimony of a witness which is opposed to the laws of nature, or which is clearly in conflict with principles established by the laws of science, is of no probative value and a jury is not permitted to rest its verdict thereon.' [citation omitted]. 'The testimony of a witness which is positively contradicted by the physical facts cannot be given probative value by the court.' *Lovas v. General Motors Corp*. 212 F.2d 805, 808 (6th Cir. 1954).

*Id.* at 12. Thus, under the physical facts rule, where the "the palpable untruthfulness of plaintiff's testimony" is evident because the testimony is "obviously inconsistent with, contradicted by, undisputed physical facts," *id.* at 12-13, summary judgment is warranted notwithstanding testimony offered by the plaintiff. *Id.*[1]

The primary difficulty with application of the physical facts rule to this case is that General Motors' affidavits simply do not establish *undisputed* physical facts fatal to Harris' products liability claim. *See Fortunato v. Ford Motor Co.*, 464 F.2d 962, 965-66 (2nd Cir. 1972).

In support of the motion, General Motors submitted the affidavits of two defense experts. One was Dr. James Lighthall. Lighthall, a doctor of anatomy and neuroscience, and a former employee of General Motors, stated that he is an expert on injury causation and occupant kinematics. His affidavit elaborates on his theory as to how, consistent with the physical evidence and the proper functioning of the airbag, Harris' injury might have occurred. He opined that

---

[1] In this regard, we note that the "physical facts rule" is entirely consistent with the standard set forth in FRCP 56(c) - that summary judgment is warranted where there is no "*genuine* issue as to any material fact". FRCP 56(c) (emphasis added). Obviously, where the only evidence submitted by a non-movant is contradicted by indisputable physical facts, there can be no *genuine* issue of material fact for trial.