**Andrew Joddie WILLIAMS, Plaintiff–Appellant,**

v.

**NBD BANK, Defendant–Appellee.**

No. 00–1968.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

## ORDER

Andrew Joddie Williams, a pro se Alabama resident, appeals a district court judgment dismissing his civil action construed as being brought pursuant to 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Williams sued NBD Bank alleging that he won $15,167,989 in the Michigan state lottery in 1985. Williams alleged that he entrusted his winnings to his "ex-common-law wife" who allegedly deposited the funds in an account with NBD. However, the "ex-common-law wife" failed to return with an account number. Williams sued NBD attempting to collect the funds which were allegedly deposited with the bank. The district court granted summary judgment to the bank.

In his timely appeal, Williams contends that the district court should not have dismissed the complaint under the doctrine of claim preclusion, that the district court did not review the evidence he had submitted, and that he is entitled to an injunction ordering the withdrawal of the money from the bank.

This court's review of the grant of summary judgment is de novo. *See Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir.2000). Res judicata determinations are also reviewed de novo. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).

NBD was entitled to summary judgment as Williams's claim was barred by the doctrine of claim preclusion. The undisputed facts establish that in 1998, Williams sued NBD in federal court attempting to recover his alleged lottery winnings. This action was dismissed without prejudice for lack of subject matter jurisdiction. Later that year, Williams then filed a second suit against NBD in the Wayne County (Michigan) Circuit Court, again seeking recovery of his alleged winnings. The state court granted summary judgment for NBD. Williams was denied leave to file a delayed appeal by the Michi-

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

gan Court of Appeals. The Michigan Supreme Court denied Williams's application for leave to appeal. The complaint filed with the state trial court was nearly identical to the complaint filed with the district court.

■ Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and to every ground of recovery that could have been presented. *Id.* As Williams is attempting to relitigate the same allegations he had presented in the state courts of Michigan, the district court properly dismissed the complaint under the doctrine of claim preclusion. As the district court properly granted summary judgment for NBD, Williams is not entitled to injunctive relief.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.