**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY D. HYSTEN,

      Plaintiff-Appellant,

v.

BURLINGTON NORTHERN SANTA
FE RAILROAD COMPANY,

      Defendant-Appellee.

No. 02-3148
(D. Kansas)
(01-CV-2296-KHV)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **HARTZ**, Circuit Judges.[**]

      The plaintiff Larry Hysten filed this action against his former employer,

Burlington Northern and Santa Fe Railroad Company, alleging that Burlington

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Northern had terminated his employment in violation of Kansas public policy. The district court granted Burlington Northern's motion to dismiss for failure to state a claim, reasoning that because the Railway Labor Act, 45 U.S.C. §§ 151, et. seq., provided Mr. Hysten with an adequate remedy to challenge the termination of his employment, Mr. Hysten could not assert a cause of action for wrongful discharge in violation of Kansas public policy. See Aplt's App. at 45-49 (Dist. Ct. Order, filed March 27, 2002).

Mr. Hysten appealed the district court's dismissal to this court. Upon Mr. Hysten's motion, we certified the following questions to the Kansas Supreme Court:

(1) Independent of the Kansas alternative remedies doctrine, does Kansas law-- including but not limited to Flenker v. Willamette Industries, Inc., 967 P.2d 295 (Kan. 1998); Palmer v. Brown, 752 P.2d 685 (Kan. 1988); Riddle v. Wal-Mart Stores, Inc., 998 P.2d 114 (Kan. Ct. App. 2000); and Murphy v. City of Topeka, 630 P.2d 186 (Kan. Ct. App. 1981)--recognize an action in tort based on an employer's discharge of an employee in retaliation for the employee's exercise of rights under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq. (2000)? In other words, will the Kansas Supreme Court extend the public policy exception to the at-will employment doctrine to authorize a state tort action retaliation for filing a FELA claim?

(2) If the answer to (1) is yes, under the Kansas doctrine of alternative remedies--as articulated in Flenker, 967 P.2d 295; Coleman v. Safeway Stores, Inc., 752 P.2d 645 (Kan. 1988); or elsewhere--do the remedies available in the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq., (2000) preclude an action in tort based on an employer's discharge of an employee in retaliation for the employee's exercise of rights under FELA? In other words, are an employee's rights adequately protected

-2-

by the RLA, the statute that governs the employment relationships in the railway industry?

On March 19, 2004, the Supreme Court of Kansas issued an opinion answering the first question "yes" and the second question "no." See Hysten v. Burlington N. Santa Fe R.R. Co., 85 P.3d 1183, 1184 (Kan. 2004). These answers indicate that the district court's prediction of how Kansas courts would rule did not go far enough and that, as result, Mr. Hysten's complaint should not have been dismissed. Accordingly, with the benefit of hindsight, we reverse the order of dismissal and remand for further proceedings consistent with this order and judgment.

## I. BACKGROUND

Most of the relevant facts are set forth in this court's prior order of certification. Accordingly, we summarize them only briefly here. Because we are reviewing the district court's grant of Burlington's motion to dismiss, we accept the factual allegations of Mr. Hysten's complaint as true and view those facts in the light most favorable to him. See Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998).

Mr. Hysten was employed at Burlington's Topeka shop facility, repairing and maintaining brakes. In April 1999, he began experiencing sharp lower back pains. Mr. Hysten told Burlington that because of his pain, he could not work

from April 7 to April 9. Mr. Hysten also told Burlington that he was unable to determine whether the back pain was work-related.

Mr. Hysten sought medical care and was placed by a doctor on limited duty. On April 12, he sought treatment at a medical clinic. A doctor at the clinic requested that Mr. Hysten be excused from work for two days and wrote a note to Burlington that effect. When Mr. Hysten delivered the doctor's note to Burlington, he told at least one co-worker that he did not know exactly what had caused his injury.

Subsequently, Burlington personnel began to pressure Mr. Hysten to declare whether or not his back injury was work-related. Mr. Hysten was unable to comply with this request because he could not determine the cause of his injury. Mr. Hysten did, however, fill out a Burlington accident analysis form on which he noted that the back injury could have been sustained at work either while he was putting on an air hose or an air test device. Mr. Hysten continued to seek medical care, and Burlington gave him a leave of absence. On May 3, Mr. Hysten returned to work.

When Mr. Hysten returned to work, Burlington placed Mr. Hysten in a program designed to accommodate employees who do not have work-related injuries. On May 15, a doctor cleared Mr. Hysten for return to full work duty. At that time, Mr. Hysten was still taking medication for back pain.

On May 18, Burlington personnel met with Mr. Hysten. Mr. Hysten did not have union representation at the meeting. Burlington personnel informed him that he was required to declare whether his back injury was work-related. Mr. Hysten, to preserve his FELA rights, declared that his injury was work-related.

On June 14, 1999, Burlington held a disciplinary meeting to determine whether Mr. Hysten had violated company regulations by, among other things, failing to promptly report a work related injury. Although Mr. Hysten was unable to attend the meeting, Burlington management determined that Mr. Hysten should be terminated for violating the company's rules governing the reporting of work-related injuries. Following the meeting, Mr. Hysten attempted to contact Monte Johnson, Burlington's superintendent for the Topeka Maintenance Terminal. Mr. Johnson refused to listen to Mr. Hysten's explanation. On July 12, 1999, Burlington terminated Mr. Hysten based on the determination made at the June 14th disciplinary hearing.

In January 2000, Mr. Hysten filed suit in federal district court against Burlington and Mr. Johnson, alleging a number of claims under federal and Kansas law. In December 2000, the United States District Court for the District of Kansas issued a memorandum and order granting the defendants' motion for summary judgment on the federal claims and declining to exercise supplemental jurisdiction

over the Kansas state law claims. See Hysten v. Burlington N. & Santa Fe R.R.Co., No. 00-2002-GTV, 2000 WL 1871889 (D. Kan. Dec. 6, 2000).

In April 2000, Burlington's Public Hearing Board reviewed Mr. Hysten's case and reinstated Mr. Hysten to his job at Burlington. Mr. Hysten received no back pay or additional remedies from Burlington.

In June 2001, Mr. Hysten filed the instant case in the District Court of Wyandotte County, Kansas. See Aplt's App. at 6 (First Amended Petition filed June 14, 2001). He alleged that Burlington had terminated his employment in retaliation for filing a claim under the Federal Employer's Liability Act, 45 U.S.C. § 51-60, thereby violating Kansas public policy. Id. at 12-13.

Burlington removed the case to the United States District Court for the District of Kansas and filed a motion to dismiss. The federal district court granted the motion, reasoning that (1) Kansas law did not recognize Mr. Hysten's claim as a public policy tort; and that, in the alternative, (2) Mr. Hysten's Kansas claim was preempted because he has an adequate remedy under the Railway Labor Act, 45 U.S.C. §§ 151, et. seq. See Aplt's App. at 45-49 (Dist. Ct. Order dated Mar. 26, 2002).[1]

---

[1] As noted by the district court and the Kansas Supreme Court, the Railway Labor Act provides that employees alleging wrongful termination may obtain reinstatement, restoration of seniority, and an award for economic loss. However, employees may not obtain punitive damages or damages for emotional distress
(continued...)

Mr. Hysten then appealed to this court. Noting that Kansas law appeared unsettled, we certified the questions set forth above to the Kansas Supreme Court.

In its opinion responding to our certification order, the Kansas Supreme Court first held that "Kansas law recognizes a tort for retaliatory discharge based on an injured worker's exercise of his or her rights under FELA." Hysten, 85 P.3d at 1189. The Kansas Supreme Court reasoned that "Kansas has a thoroughly established public policy supporting workers' rights to pursue remedies for their on-the-job injuries and opposing retaliation against them for exercising their rights." Id. at 1190 (internal quotation marks omitted).

The Kansas Supreme Court then held that "the remedy afforded Hysten by the [Railway Labor Act, 45 U.S.C. § 151 et seq.] is not an adequate alternative to a retaliatory discharge action under Kansas tort law." Id. at 1191. Comparing the remedies available to a plaintiff asserting a public policy wrongful discharge tort under Kansas law with the remedies available under the Railway Labor Act, the court noted that there were "differences in process, differences in claimant control, and differences in the damages available." Id. Additionally, "[i]t may be that additional factors will also be influential in a future case." Id.

<hr>

[1](...continued)
An employee must present his claim to the National Railroad Adjustment Board and may appeal its ruling to a federal district court. See Aplt's App. at 48 (District Court Order, filed March 26, 2002) (discussing available remedies under the RLA).

## II. DISCUSSION

We review de novo the district court's dismissal of Mr. Hysten's complaint, applying the same standards as the district court pursuant to Fed. R. Civ. P. 12(b)(6). Aspen Orthopaedics & Sports Med., L.L.C. v. Aspen Valley Hosp. Dist., 353 F.3d 832, 837 (10th Cir. 2003). Our "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether [Mr. Hysten's] complaint alone is legally sufficient to state a claim for which relief may be granted." Id. (internal quotation marks omitted).

In light of the Kansas Supreme Court's answers to the certified questions, it is now apparent that Mr. Hysten's complaint should not have been dismissed for failure to state a claim. Kansas law recognizes the tort alleged by Mr. Hysten here, one for retaliatory discharge based on an employee's exercise of his or her FELA rights. Moreover, under Kansas law, the remedy afforded to such employees by the Railway Labor Act is not an adequate alternative to the remedies provided by Kansas law.

## III. CONCLUSION

Accordingly, we REVERSE the district court's order dismissing Mr. Hysten's complaint for failure to state a claim and REMAND the case for further proceedings consistent with this order and judgment.

Entered for the Court   ,

Robert H. Henry
Circuit Judge