Tom **EVERETT**, et al., Plaintiff,

v.

**VERIZON WIRELESS, INC.,
et al., Defendant.**

**No. 3:00 CV 7763.**

United States District Court,
N.D. Ohio,
Western Division.

March 15, 2005.

Dennis E. Murray, Jr., Dennis E. Murray, Sr., Donna Jean A. Evans, Patrick G. Warner, Murray & Murray, Sandusky, OH, for Plaintiff.

Alan C. Yarcusko, Porter, Wright, Morris & Arthur, Cleveland, OH, Daniel W. Costello, Kathleen M. Trafford, Porter, Wright, Morris & Arthur, Columbus, OH, Charles A. Bowers, Thomas J. Lee, Taft, Stettinius & Hollister, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the Motion of Defendant Dobson Cellular Systems, Inc. ("Dobson") for Summary Judgment (Doc. No. 110). Plaintiff has filed a response (Doc. No. 128) and a supplement thereto (Doc. No. 144). Dobson has filed a reply (Doc. No. 138). The Court has jurisdiction to decide this matter under 28 U.S.C. § 1332. For the following reasons, Dobson's motion is granted.

### BACKGROUND

On November 3, 2000, the four individual Plaintiffs sued several wireless telephone service providers in the Erie County, Ohio Court of Common Pleas, on behalf of themselves and others similarly situated, alleging that the Defendants improperly charged them for cellular telephone calls that were not answered or were busy. In

December of 2000, the case was removed to this Court, which denied Plaintiffs' subsequent motion to remand in a memorandum opinion dated February 26, 2001, finding that the Plaintiffs' allegations as stated in the complaint satisfied the amount-in-controversy requirement of 28 U.S.C. § 1332.

The individual Plaintiffs are Tom Everett ("Everett") and Lutricia Bradley ("Bradley"), both of Sandusky, Ohio; John T. Lunsford ("Lunsford") of West Bloomfield, Michigan; and Gregory L. Baker ("Baker") of Gahanna, Ohio. The original Defendants included Verizon Wireless, Inc.; Vodafone AirTouch, P.L.C.; AirTouch Communications, Inc.; a partnership called New Par; and Dobson.

On February 27, 2002, this Court granted Defendants' motion to dismiss Plaintiffs' state law consumer sales practices claims, unjust enrichment and constructive trust claims, and several claims premised on Michigan tort law. (*See* Doc. No. 75). Plaintiffs were left with pending Ohio law claims for: breach of contract, uniform written misrepresentation and common omission, breach of the implied terms of good faith and fair-dealing, unilateral mistake, fraudulent concealment and deceit, fraudulent inducement, breach of fiduciary or other special duty, and constructive fraud.

In July of 2003, this Court stayed this case pending resolution of the potential class overlap with *Campbell v. AirTouch Cellular*, No. 751725, (Cal.Super.) (Pate, J.). In September of 2003, the Court denied without prejudice and with leave to reinstate the motions that were then pending before it: Plaintiffs' Motion for Class Certification (Doc. No. 100); the Motion of Defendant Dobson for Summary Judgment that is now before the Court (Doc. No. 110); Dobson's Motion to Strike the Affidavit of Plaintiffs' Expert Witness (Doc. No. 137); and Plaintiffs' Motion to Strike

the Affidavit of Valerie Kollman (filed by Defendant New Par) (Doc. No. 177).

Plaintiffs have now dismissed with prejudice their claims against all defendants but Dobson. On January 3, 2005, this Court granted Dobson's motion to lift the stay and reinstate its Motion for Summary Judgment. (Doc. No. 205). Plaintiffs have not moved to reinstate their Motion for Class Certification. Therefore, the only issue now before this Court is whether the individual Plaintiffs should be allowed to present evidence to a jury on their remaining claims against Dobson.

Only Plaintiffs Everett and Bradley were Dobson customers. Dobson bought Everett's cellular service contract from New Par, and provided service to him under that agreement until it expired, at which point Everett entered into a new cellular service contract directly with Dobson. Bradley also received cellular service from Dobson. Everett and Bradley have identified calls on their billing statements that either lasted less than one to one-and-a-half minutes and were made to people they believe they would have spoken to longer, or were short calls to the same number made in quick succession. Everett and Bradley believe the nature of these calls proves that Dobson charged them for busy or otherwise unanswered calls.

### DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of

'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323–25, 106 S.Ct. 2548. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2541, 91 L.Ed.2d 202 (1986) (*quoting* Fed.R.Civ.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir.2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001) (cit-

ing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987)). However, " 'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,' " *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir.1994) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505); therefore, "[t]he Court is not required or permitted ... to judge the evidence or make findings of fact." *Williams*, 154 F.Supp.2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir.2000).

### B. Lunsford and Baker

■ Neither Lunsford nor Baker were ever customers of Dobson. Dobson urges the Court to grant summary judgment in its favor on their claims on that basis. Plaintiffs present no evidence or argument in response. Plaintiffs having failed to meet their burden of showing a genuine issue of material fact as to the claims of Lunsford and Baker, the Court will grant summary judgment in favor of Dobson on their claims.

### C. Everett and Bradley

■ Each of Everett's and Bradley's claims hinges on their allegations that Dobson charged them for unanswered or busy calls; without sufficient evidence that Everett and Bradley were charged for such calls, all of their pending claims

against Dobson fail, and Dobson is entitled to summary judgment thereon.

■■■■ The Court first notes that the standard for granting summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." and that "the mere existence of a scintilla of evidence" does not merit the submission of a case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 252, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202. When a Court considers whether to grant a directed verdict or allow the jury to consider the evidence, "the essential requirement is that mere speculation be not allowed to do duty for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked." *Galloway v. United States*, 319 U.S. 372, 395, 63 S.Ct. 1077, 1089, 87 L.Ed. 1458 (1943).

■■■■ Where the evidence is such that the jury is merely "given a choice between two reasonable inferences," a directed verdict against the party with the burden of proof is proper. *Burens v. Indus. Comm'n*, 124 N.E.2d 724, 729 (Ohio 1955).[1] In *Burens*, there was no direct evidence indicating the cause of the plaintiff's husband's death. *Id.* The plaintiff theorized that her husband fell and fractured his nose, leading to shock and a fatal heart attack. *Id.* The defendant's theory was that the decedent had a fatal heart attack and then fell, fracturing his nose. *Id.* The Ohio Supreme Court noted that either inference would be reasonable and explained that:

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."

.  .  .  .  .

We are of the opinion that where, as here, the facts give rise to two irreconcilable inferences, either of which is reasonable, the submission of a choice thereof to a jury is to permit the jury to indulge in speculation and conjecture. Defendant's motion for a directed verdict should have been sustained.

*Id.* (quoting *Stevens v. Indus. Comm'n*, 145 Ohio St. 198, 61 N.E.2d 198, 200 (1945)).

Here, with the phase of discovery concerning "the claims of the individual Plaintiffs against the named Defendants" completed, the only evidence Everett and Bradley have identified to support their claims that they were charged for busy or incomplete calls is their own identification of calls lasting less than one-and-a-half minutes made to people they think they would have spoken to for a longer period of time, and similarly short calls made in quick succession to the same number. Everett and Bradley both stated in deposition testimony that they have no actual, independent memory of any of the calls and no records showing that the numbers called were busy or incomplete. Instead, they theorize that the short durations and repetitious patterns of the calls indicate that they were not answered. When Defense counsel asked Everett, "So when you're looking at the invoices in this case and identified [sic] calls that you believe were incomplete for which you were charged, it is only your suspicion that these are incomplete calls; is that correct?" Everett answered, "Yes." (Doc. No. 113, p. 179).

---

1. "[A] federal court sitting in diversity applies the standard for a directed verdict used by the courts of the state whose substantive law governs the action." *American & Foreign Ins. Co. v. Gen. Elec. Co.*, 45 F.3d 135, 139 (6th Cir.1995).

Dobson, on the other hand, theorizes that the short and repetitious calls identified by Everett and Bradley were caused by technical glitches and Everett's and Bradley's own calling behaviors. Specifically, Dobson points out that Everett testified in his deposition that he often called his real estate office to retrieve a single message or let them know he was coming in to the office, made calls to people with voice mail and hung up when the voice mail answered the call, made quick calls to leave messages at his restaurant or with his partner's secretary, had experienced his phone "cutting out" and that his real estate office, which he called frequently, had experienced problems with its own internal phone system. Similarly, Bradley testified that some of the calls she made were to people with voice mail or answering machines that could have picked up the call, and that she made calls to her boyfriend's pager when they were both outside his paging area.[2]

A jury could infer from the evidence presented that the short and repetitious calls were busy or unanswered, or that they represent quick conversations, calls answered by voice mail, or calls answered and quickly dropped, and, in some cases, retried. As in *Burens,* either inference is reasonable. And, as in *Burens,* because the evidence provides nothing more than a "basis for a choice among different possibilities," the jury would be forced to engage in speculation and conjecture were it required to choose between them. The submission of the matter to the jury would therefore be improper.

Because Everett and Bradley have failed to present more than their own mere speculation that the call patterns they have identified indicate they were charged for busy or incomplete calls, they have failed to meet their burden of production on that issue. Moreover, because Everett and Bradley cannot muster sufficient evidence indicating they were charged for busy or incomplete calls, their claims against Dobson, all of which depend upon that allegation, fail. Summary judgment in favor of Dobson is appropriate.

### D. Standing as to Bradley

■ In its Motion for Summary Judgment, Dobson also argues that Bradley lacks standing to pursue her claims against Dobson because she filed a petition in bankruptcy on January 22, 2002, which rendered her cause of action property of the bankruptcy estate, divesting her of standing. *Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Products Co.),* 102 F.3d 223, 225 (6th Cir. 1996); *Bauer v. Commerce Union Bank, Clarksville, Tenn.,* 859 F.2d 438, 441 (6th Cir.1988). Dobson urges this Court to dismiss Bradley's claims because her bankruptcy case has been closed and the trustee did not seek to intervene. In her February, 2003 supplemental response to Dobson's Motion for Summary Judgment, Bradley assures the Court that she will remedy the standing issue by reopening her bankruptcy case so a new trustee can pursue her claim or abandon his interest so Bradley can pursue the claim herself. The stay in this case was lifted on January 3, 2005; Bradley has yet to reopen her bankruptcy case. Bradley's lack of standing provides an independent ground for dismissing her claims against Dobson.

### CONCLUSION

Based on the foregoing, the Motion of Defendant Dobson Cellular Systems, Inc.

---

**2.** Bradley has not contested Dobson's evidence that a page is not a call to the individual pager but to the paging company's system, and that even if the system cannot contact the pager, the original call to the system was still connected. *See* (Doc. No. 110, Ex. O, Affidavit of Amy Adrian).

for Summary Judgment (Doc. No. 110) is granted.

IT IS SO ORDERED.